The next case this morning is 521-0429, People v. Wilkey. Arguing for the defendant appellant is Unsan Nam. Arguing for the state is Max Boos. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please know already the clerk is permitted to record these proceedings. Counsel for the appellant, you may proceed and state your name. Counsel for the appellant, you may proceed and state your name. May it please the court, Counsel, Assistant Appellant Defender Unsan Nam on behalf of Aaron Wilkey. The question before this court today is simple and straightforward. Did Post Plea Counsel fail to strictly comply with Illinois Supreme Court Rule 604D's requirements? In relevant part, Rule 604D states the motion to withdraw guilty plea shall be in writing and shall state the grounds therefore. When the motion is based on facts that do not appear of record, it shall be supported by affidavit. Upon appeal, any issue not raised by the defendant in the motion shall be deemed waived. And the defendant's attorney shall file at the trial court a certificate stating that the attorney has made any amendments necessary for adequate presentation of any defects in the guilty plea proceedings. Here, Post Plea Counsel's certificate is rebutted by the record. As this court knows, in 2018, this court remanded Mr. Wilkey's case in part due to Post Plea Counsel's certificate being facially deficient. On remand, Post Plea Counsel fixed the facial deficiencies in the certificate and filed a new motion to The motion states basically that Mr. Wilkey, subsequent to his conviction, was diagnosed with schizophrenia and that his mental state at the time of the plea was such that he was not mentally capable of entering a knowing, voluntary, and intentional plea. Based on counsel's motion, there is no strict compliance with Rule 604D. There's at the very least three reasons to remand for further Rule 604D proceedings here. First and most notably, the issue raised on remand is a new issue of Mr. Wilkey's schizophrenia diagnosis. It's a new issue that could not and was not raised previously. Thus, as to this matter, regarding the schizophrenia diagnosis, if this court agrees with Mr. Wilkey, this will be effectively the first time that it's remanded on this issue. Thus, distinguishing this case, Mr. Wilkey's case, from the unpublished Bridges case that the state cites to or Shirley or Tejada Soto. For example, in Shirley, the defendant asked for a third remand for the exact same issue for all three. So, it's an excessive sentencing argument that was remanded twice, and for the third time, a defendant asked to remand. In Tejada Soto, it was a similar issue that the defendant was asking for a second remand in because the attorney on remand asked the trial court to take judicial notice of the previous hearing. In Mr. Wilkey's case, it's a new issue that could not have been raised before. He was diagnosed in IDOC, and while he had previous diagnoses in the PSI, his mental health history is extensive. There's extensive reports of all of the previous diagnoses that he was hearing voices previously, but this diagnosis of schizophrenia, it's the first time it's being raised on remand. Thus, Mr. Wilkey's case is more like Bridges 1, or People v. Stiff, or People v. Winston. And in that, to kind of talk about that as well, People v. Winston, the appellate court allowed a third remand because the certificate was rebutted by the record, and that's what's before this court today. There's no question that there were no affidavits attached, and as this court knows, this schizophrenia, because it's a new issue, because it was post-conviction, because this happened after he was convicted, there is no record of it prior to the motion. So, counsel needed to attach affidavits, and a little bit about the affidavits, the state cited to People v. Holtz, which is a 5th district case that's about 40 years old, but I think there's a takeaway from Holtz for even this case in this court. In Holtz, this court decided that an evidentiary hearing was not required because the motion did not have affidavits. And of course now, an evidentiary hearing is required, but the idea is still the same. Without an affidavit, when we're talking about issues that are off the record, not of record, it kind of signifies to the trial court that there are no matters off the record, and in this case, the trial court's written ruling does not even mention the schizophrenia diagnosis at all. And the state's attorney below discussed how there was nothing in the record other than Mr. Wilkie saying that he has a schizophrenia diagnosis. So, kind of taking away from Holtz, the idea of a motion's requirement under Rule 604D is significant. It's important, and it's separate from the hearing because the motion prepares not only the defendant, not only the attorneys, not only the trial court, but the appellate court, this court, the reviewing courts, and the appellate attorneys as to exactly what is being raised. And as this motion itself has to satisfy the rule for it to be strictly compliant. And here, post-plea counsel's three-sentence motion does not satisfy the rule. No attachments were added. The motion does not have any details or it's not specific. There's no legal support. It states pretty much that he has a schizophrenia diagnosis from after his plea and his sentence, and that he wasn't mentally capable of entering and knowing voluntary and intelligence. That's not sufficient. We don't know anything based on the motion. The motion is not compliant under the rule. Thus, the record rebuts the certificate. Unless there's any other questions, I'll come back and rebuttal. Thank you, Your Honors. Any questions, Justice Vaughn? The lack of an affidavit, isn't that excused where the defendant is given a chance to fully develop his argument at the hearing? Your Honor, no, because, and I would point to people versus Stiff. In Stiff, the defendant and two plea attorneys testified at the hearing, but the motion itself was still not compliant. The certificate was still rebutted because there was no affidavit. Again, in Bridges, the affidavit requirement is separate from the hearing. The affidavit allows the trial court to consider what will be developed at the evidentiary hearing. The evidentiary hearing should be supplemental. It should be to test what's in the motion. Again, the motion is what the defendant is claiming, that his claims are to withdraw the plea. It obviously does not include what the state's argument would be or what the state's response would be. It's a claim where the defendant's alleging, I'm arguing X, Y, and Z, and that the affidavit is matters that are outside the record that the trial court should be considering. This is not just a matter that can be replaced with the evidentiary hearing. It's a separate requirement that requires strict compliance, and it cannot just be a mere formality. A general motion to withdraw cannot suffice in this matter. Even if the evidentiary hearing is separate from the motions hearing, and that's in people versus session. Thank you. Thank you, your honor. Anything else, Justice Vaughn? Nothing further. Justice Welch? No questions. You'll have an opportunity for rebuttal. Thank you. We'll now hear from the appellee. Please state your name, and you may proceed. May it please the court. Counsel, my name is Max Boos. I represent the people in this matter. Excuse me. Compliance with Illinois Supreme Court Rule 604D is reviewed de novo and on request for successive remand. The question is whether, under the strickland ineffective assistance paradigm, defendant received a fair and full hearing on his claim. He did, and therefore this court should affirm. Defendant received the due process protections that Rule 604D was intended to for another hearing. Defendant cannot establish prejudice because none of his claimed evidence can establish he was incompetent to enter a guilty plea, particularly in light of the direct evidence from defendant, his counsel, and the court's recollection, as well as the complete absence of evidence on the IDOC documents emphasized by defendant. Fauci v. O'Brien requires that the absent materials be construed against defendant as the appellant, and this court should not accept the nested layers of speculation, both on the contents of the records and the guesswork in applying their contents back to the time of defendant's plea to the degree that that plea was infallible. Further, since this is defendant's direct appeal, any matters suitable for post-conviction petitions should be left to those proceedings. Subsequently discovered evidence and claims are the reason that those proceedings exist. So here the focus must be on the sole question of whether an affidavit redundant with defendant's testimony was required at the trial level under penalty of remand. Defendant netted the benefit of submitting a new issue not appearing in his previous motion after strict compliance remand, but the hearing he received establishes he is not entitled to further relitigation of his motion. As background, defendant's daughter began inappropriately touching herself at the age of consistent with being sexually victimized. She identified defendant as touching her genitals, stating, daddy goes inside. After admitting in an audio-visual recorded statement that he probably had sex with her and had rubbed her genitals 30 to 35 times, he pled guilty in September 2017 to a single count of predatory criminal sexual assault of a child. The transcripts do not reflect any inability to understand the nature of the proceedings or any incompetence to answer into agreement. Defendant, his counsel, and the court all believed him to be competent at the time of his plea. The record demonstrates defendant's ability to apprehend the proceedings and participate reasonably. Defendant testified about his own experience at the hearing on his motion to withdraw plea. His counsel described his own analysis of defendant's behavior and the judge recollecting the previous remand for strict compliance identified its own specific clear recollection of defendant during and prior to his plea. As defendant did not receive the sham hearing where the substance of his claim was not properly submitted to the court, he is not entitled to a successive remand. Defendant does not and cannot demonstrate how he was substantively harmed by the lack, pardon me, of an affidavit attached to his motion, particularly given the credibility determinations made below, both as to defendant's counsel and defendant himself. This court should reject defendant's position that upon each remand he can add a new claim, fail to supply an affidavit covering all new factual matters, and thereby receive a per se remand regardless of the contents of the hearing on his claim. Defendant's treatment history confirms his mental health history does not establish he was affected by, let alone incompetent, because of his mental health when he pled guilty. Also, the amount or type of evidence submitted is not grounds for remand without an affirmative showing that the failure resulted in an unfair hearing, as described by Bridges II and Tejada Soto. In the latter case, do you agree that the stiff case cited by Ms. Naum indicates there should have been affidavits even with the hearing, the affidavits, failure to attach affidavits are fatal? There the motion, in stiff, the motion to withdraw plea was coerced defendant into a plea deal. First of all, to the extent it conflicts with Shirley, it should not be followed by this court. Shirley is mandatory authority by the Illinois Supreme Court and therefore governs, particularly in cases of successive remand. Further, the issue in stiff, as analyzed by that court, was the failure to provide a full and fair hearing. Counsel's certificate was deemed non-compliant because despite claiming by motion there was testimony available to corroborate the defense, none of that test evidence was submitted despite being described. Defendant's motion stated he was not mentally capable of entering into a plea and he testified he was not. Therefore, in contrast to stiff, the hearing he received was sufficient. All right, thank you. What about the fifth case of People v. Jackson? Are you familiar with that one? Or 22. Pardon me, your honor. Not offhand, I apologize. All right, thank you. However, in either case, the mandatory authority of People v. Shirley is the primary authority submitted by the parties cited favorably by defendant in his opening and reply briefs. That case shows that remand is not appropriate here, stating specifically Rule 604D must not be applied, quote, so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing, end quote. The 604D certificate in that case was not filed prior to the hearing. Though explicitly not abandoning the strict compliance standard, the Illinois Supreme Court emphasized that substantive compliance by providing a full and fair hearing was the guiding principle and that successive remands should not be ordered without demonstration of a good reason, stating that that would be no more than an empty and wasteful formality. It not only confirms the people's position, but also rebuts defendant's claims from pages two and four of his reply brief that affirming would change the standard to an appreciable quanta of evidence or hope of concession of an issue or that the right from defendant actually cited Shirley, which is firmly at odds with his non-substantive standard requiring remand regardless of the nature of the hearing. Defendant does not engage with Shirley's point that after remand a full and fair hearing complies with 604D. Defendant's implication that adding a new argument entitles him to ignore Shirley and treat a successive appeal as if it was not is rebutted by Shirley, which required, quote, a full and fair second opportunity to present, end quote, his motion. That occurred here particularly given the direct subjective account of defendant's own capacity. The two cases of People v. Kosher and People v. Jones from the fourth district, one of them citing a third district case, also confirm that remand is not appropriate here. Kosher, not addressed by defendant's written briefs, is directly applicable and supports affirmance. There, in a predatory sexual assault of a child case, on review of a motion to withdraw a plea, no affidavit was submitted, but the defendant and his plea counsel testified at the hearing. That defendant also admitted to sexual contact with the victim. Since Kosher received a full and fair hearing capable of assessing his claims, the fourth district denied defendant's request for a second remand, finding he did not establish prejudice. Notably, it explicitly found error in counsel's failure to file an affidavit, but that remand was not required while relying on Shirley. People v. Jones is also applicable, supports the people's position, and was not addressed in defendant's reply. Again, a successive remand was not permitted, or there was no affidavit submitted despite relevant factual matters outside the record. The Jones opinion cited the third district's Evans opinion, which stated technical non-compliance with 604D will not require successive remands and rehearings. Just to highlight a couple other portions of case law, Bridges too firmly relied upon Shirley citing and explaining that after remand and another opportunity to reherd, technical non-compliance will not require successive remand and rehearings. People v. Diaz, cited by defendant, actually affirmed the trial court's denial of defendant's non-compliance and stating, quote, they would not be placing form over substance and enforcing 604D's certificate requirement. We will not do this, end quote. Additionally, the case of Winston was premised on the failure to adequately present defects in the entry of his plea. Again, not applicable to the case here. Any language about strict compliance for failure to append an subsequent decision in Bridges too, which strongly relied upon Shirley. Defendant received a full opportunity to litigate his claims of incompetence, which resolves the sole question on appeal, whether the lack of an affidavit requires remand while ignoring the conduct at the motion hearing, so that defendant will receive another opportunity to litigate the issue. Defendant provided testimony on his subjective experience and the court made credibility determinations. As such, and given caution, Jones, as well as Shirley, the people ask that the court affirm. Any questions from Justice Vaughn? No other questions, thank you. Justice Welch? No questions. Rebuttal. Yes, your honors. I want to review Shirley and Stiff. So in Shirley, again, this was a defendant asking for a third remand. And for site 371 in Shirley, we conclude that the defendant is not entitled to any further proceedings on his twice heard motions to reduce his sentence as being excessive. So in Shirley, the defendant asked three times for a remand for the successive sentence argument. The state does not address the fact that this issue is a new issue. This was not addressed previously. Mr. Wilkie's schizophrenia diagnosis was post conviction. He could only have raised this on remand, and that's what he did. This case is more like Bridges one and Stiff and Winston. And again, in Winston, the appellate court allowed a third remand because of the certificate being rebutted by the record. And that's what's happening here. We're asking this court to remand Mr. Wilkie's case for the first time regarding the schizophrenia diagnosis, and for the attorney to follow and strictly comply with Rule 604D, the affidavit requirement and the requirement to make the necessary amendments. The state relies heavily on the hearing, the hearing on this motion. But of course, the motion hearing could only have been more descriptive than the motion itself, because the motion itself is a general motion stating Mr. Wilkie was diagnosed with schizophrenia, and he was mentally incapable of pleading guilty or entering a knowing voluntary and intelligent plea. That's not sufficient under Rule 604D. The certificate is rebutted here. And again, as two attorneys testified, and the defendant at the motion hearing, it was still not sufficient. The motion was not sufficient. The motion's requirement was not met, and a remand was required. That's what's required in this case. Mr. Wilkie has not had a second remand on the schizophrenia diagnosis. This was the first time it's being raised, and the certificate here is states ineffective assistance framing of the argument, because here it's a strict 604D compliance issue. The standard reviews de novo, and we don't have to allege prejudice. The Supreme Court cases cite that there is no harmless error or prejudice argument here. It's a strict compliance with a Supreme Court rule, which is required. This court has to follow Supreme Court rules. It's strict compliance. There are no prejudice matters here. Also, the state did mention that Mr. Wilkie has post-conviction, a vehicle within the post-conviction proceedings, but on direct appeal, he has ineffective assistance of counsel arguments or effective assistance of counsel standards, and on post-conviction, obviously, it's a reasonable assistance. Plus, at the first stage, Mr. Wilkie will not have an attorney. He'll be on his own, and here we're not even talking about ineffective assistance. We're talking about a strict must follow. Unless there's any other questions, we ask this court to remand Mr. Wilkie's case for strict compliance with rule 604D, where the certificate is rebutted. Any questions, Justice Wong? No other questions. Thank you. Justice Welch? No questions. Take this matter under advisement, and the court will issue its decision in due course. Thank you, counsel.